IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>COUNTY PROSECUTOR,<br><br>　　　　　　Respondent. | **8:23CV492**<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before this Court for preliminary review of Petitioner Arthur T. Griffin Jr.'s ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Filing No. 1. For the reasons that follow the Petition shall be dismissed without prejudice.

　　　　Petitioner alleges he is challenging a judgment of conviction and sentence entered on October 28, 2023, for "false fire alarm (2X): (Time)." Filing No. 1 at 1. While this Court cannot locate the docket for the case number Petitioner challenges indicating the charges may have been dismissed, *see id.* (citing Douglas County criminal case number 23-17008), it is clear Petitioner cannot proceed under § 2254. Petitioner admits he was sentenced to "time served" on October 28, 2023, therefore he could no longer be incarcerated for Case No. 23-17008 on November 1, 2023, when he signed the Petition, or by the time it was filed on November 8, 2023. *Id.*

　　　　"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490

(1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). "Custody is tested at the time of filing the petition." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991). Also, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

"A person whose sentence has fully expired at the time his petition is filed cannot satisfy the custody requirement." *Weaver*, 925 F.2d at 1099; *accord Garlotte v. Fordice*, 515 U.S. 39, 48 (1995) ("[T]he habeas statute does not permit prisoners to challenge expired convictions."). Because Petitioner was not in custody under the conviction or sentence he attacks, the Court lacks jurisdiction over his habeas petition. *See Weaver*, 925 F.2d at 1099.

For the sake of completeness, the Court also notes that Petitioner's requested relief of a "tort claim award" for malicious prosecution, Filing No. 1 at 15, is not available in a federal habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court

2

rules on procedural grounds are set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Upon initial review, the Petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 18th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court